**UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **LATASHA WALLACE**  )<br>    Plaintiff,  )<br>  )<br>**v**  )<br>  )<br>**NATIONAL RECOVERY AGENCY,**  )<br>    Defendant.  )<br>  )<br>  )<br>  ) | **C. A. No.:**<br><br><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

## **COMPLAINT**

LATASHA WALLACE ("Plaintiff"), by and through her attorneys, ANGELA K. TROCCOLI, ESQUIRE and Kimmel & Silverman, P.C., alleges the following against NATIONAL RECOVERY AGENCY ("Defendant"):

## **INTRODUCTION**

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.* and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*

## **JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 15 U.S.C. §1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. §1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Connecticut, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Hartford, Connecticut 06112.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. Defendant is a national debt collection company with its corporate headquarters located at 2491 Paxton Street, Harrisburg, Pennsylvania 17111.

9. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

10. Defendant collects, and attempts to collect, consumer debts incurred, or alleged to have been incurred, for personal, family or household purposes on behalf of creditors and debt buyers using the U.S. Mail, telephone and/or internet.

11. At all times material hereto, Defendant acted as a "debt collector[s]" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

13. Defendant has been contacting Plaintiff regarding a debt that was primarily incurred for personal, family or household purposes.

14. In the last twelve months, Defendant's collectors began placing repeated harassing telephone calls to Plaintiff's cellular telephone.

15. Defendant's harassing calls came from telephone number including but not limited to: (800) 814-6580. The undersigned has confirmed that this phone number belongs to Defendant.

16. Shortly after the calls began, Plaintiff told Defendant to stop calling her, revoking any prior consent Defendant may have had to call her cellular telephone number.

17. Defendant ignored Plaintiff's request and continued to call her.

18. Once Defendant knew its calls were unwanted, any continued calls thereafter could only have been placed for the purpose of harassing Plaintiff.

19. At times, when contacting Plaintiff on her cellular telephone, Defendant utilized an automatic telephone dialing system and automatic and/or pre-recorded messages.

20. Plaintiff knew that Defendant was using an automatic telephone dialing system and automatic and/or pre-recorded messages as calls would begin with a pre-recorded message prior to the call being transferred to a live caller.

21. Defendant's telephone calls were not made for "emergency purposes," but were placed in order collect an alleged debt.

22. Finally, in order to stop Defendant's calls Plaintiff had to utilize a call-blocking application on her cellular telephone.

23. Defendant called Plaintiff on a repetitive and continuous basis with the intent of harassing Plaintiff into paying an alleged debt.

24. Defendant's actions as described herein were made with the intent to harass, upset, deceive and coerce payment from Plaintiff.

25. Upon information and belief, Defendant conducts business in a manner which violates both the FDCPA and TCPA.

## DEFENDANT VIOLATED THE
## FAIR DEBT COLLECTION PRACTICES ACT

### COUNT I

26. Defendant's conduct violated 15 U.S.C. §1692d and 1692d(5).

   a. A debt collector violates §1692d of the FDCPA by engaging in conduct of the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

   b. A debt collector violates §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

   c. Here, Defendant violated §1692d and 1692d(5) of the FDCPA by repeatedly contacting Plaintiff on her cellular telephone and continuing to call after being told to stop calling.

### COUNT II

27. Defendant's conduct, as detailed in the preceding paragraph, violated 15 U.S.C. §1692f of the FDCPA.

   a. A debt collector violates §1692f of the FDCPA by using unfair or unconscionable means to collect or attempt to collect any debt.

   b. Here, Defendant violated §1692f of the FDCPA engaging in other unfair and unconscionable debt collection practices, including failing to update its records to cease collection calls to Plaintiff's cellular telephone after she told them to stop calling.

## COUNT III

28   Defendant's conduct, as detailed in the preceding paragraphs, violated 15 U.S.C. § 1692g(a).

    a. A debt collector violates §1692g(a) of the FDCPA by failing, within five days after the initial communication with a consumer in connection with the collection of a debt, to send the consumer a written notice containing (1) the amount of the debt; (2) the name of the creditor to whom the debt is owed; (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

    b. Here, Defendant violated §1692g(a) of the FDCPA by failing to send Plaintiff written notification of her rights to dispute the debt, request verification of the debt and/or to request information about the creditor within five (5) days of its initial communication with her.

## DEFENDANT VIOLATED THE
## TELEPONE CONSUMER PROTECTION ACT

## COUNT IV

29. Defendant's conduct, as detailed in the preceding paragraphs, violated the Telephone Consumer Protection Act.

30. Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

31. Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation whichever is greater."

32. Despite the fact that Plaintiff never consented to Defendant placing calls to her, and Plaintiff having revoked any prior consent Defendant had been provided, Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

33. Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

34. Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone without prior express consent.

WHEREFORE, Plaintiff, LATASHA WALLACE, respectfully prays for judgment as follows:

    a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

    d. Statutory damages of $500.00 per telephone call in violation of the TCPA pursuant to 47 U.S.C § 227(c)(5)(B);

    e. Statutory damages of up to $1,500 for each call in violated of the TCPA, pursuant to 47 U.S.C §§ 227(c)(5)(B) and 227(c)(5)(C), which permits the Court in its discretion to award such damages if it finds that Defendant willfully or knowingly violated the TCPA; and

    f. Any other relief deemed fair and proper by this Honorable Court.

### DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, LATASHA WALLACE, demands a jury trial in this case.

        RESPECTFULLY SUBMITTED,

        LATASHA WALLACE
        By her Attorney,

        */s/ Angela K. Troccoli*
        Angela K. Troccoli, Esquire, ct28597
        Kimmel & Silverman, PC
        *The New England Office*
        136 Main Street, Suite 301
        Danielson, CT 06239
        (860) 866-4380- direct dial
        (860) 263-0919- facsimile
        atroccoli@creditlaw.com

Dated: April 5, 2017